1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VALENTI LAW APC**
Matthew D. Valenti (SBN 253978)
E-mail: mattvalenti@valentilawapc.com
10174 Austin Drive #1116
Spring Valley, CA 91979
Phone: (619) 540-2189

Attorney for Iman Woodley

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAN WOODLEY,<br><br>        Plaintiff,<br><br>   vs.<br><br><br>W.K.S. FROSTY CORPORATION;<br>DEVONSHIRE CAR CARE CENTER,<br>INC.; and DOES 1-10,<br><br>        Defendants. | Case No.:<br><br>COMPLAINT FOR:<br><br>DENIAL OF CIVIL RIGHTS AND<br>ACCESS TO PUBLIC FACILITIES<br>TO PHYSICALLY DISABLED<br>PERSONS IN VIOLATION OF THE<br>AMERICANS WITH DISABILITIES<br>ACT OF 1990, (42 U.S.C. §12101, *et<br>seq*.) AND THE UNRUH CIVIL<br>RIGHTS ACT, (CALIFORNIA CIVIL<br>CODE §51, *et seq*.)<br><br>DEMAND FOR JURY TRIAL |

*"[T]he continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous."* 42 U.S.C. §12101(a)(8).

*"It is the policy of this state to encourage and enable individuals with a disability to participate fully in the social and economic life of the state ..."* California Government Code §19230(a).

Plaintiff IMAN WOODLEY (hereinafter referred to as "Plaintiff") complains of W.K.S. FROSTY CORPORATION, a California corporation doing business as WENDY'S; DEVONSHIRE CAR CARE CENTER, INC., a California corporation; and DOES 1-10, (each, individually a "Defendant" and collectively "Defendants") and alleges as follows:

## I.    PARTIES

1.    Plaintiff IMAN WOODLEY is a California resident and a qualified physically disabled person. Plaintiff has visual impairment and is legally blind. She uses a white cane for mobility. Plaintiff is a member of a protected class of individuals guaranteed rights under state and federal law. Ms. Woodley prides herself on her independence and on empowering other disabled people to be independent.

2.    Defendants W.K.S. FROSTY CORPORATION, DEVONSHIRE CAR CARE CENTER, INC., and DOES 1-10, are and were the owners, operators, lessors and/or lessees of the subject business, property, and facility at all times relevant in this Complaint.

3.    Mrs. Woodley does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1

1   through 10, inclusive, is responsible in some capacity for the events herein alleged,

2   or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to

3   amend when the true names, capacities, connections, and responsibilities of the

4   Defendants and Does 1 through 10, inclusive, are ascertained.

5       4.    Defendants own and owned the property located at 18507 Devonshire

6   St., Northridge, CA 91324 ("Subject Property") at all relevant times.

7       5.    Defendants operate and operated a restaurant doing business as

8   WENDY'S ("restaurant"), located at the Subject Property, at all relevant times.

9       6.    Mrs. Woodley alleges that the Defendants have been and are the

10  owners, franchisees, lessees, general partners, limited partners, agents, trustees,

11  employees, subsidiaries, partner companies and/or joint ventures of each of the

12  other Defendants, and performed all acts and omissions stated herein within the

13  course and scope of such relationships causing the damages complained of herein.

14  <center>**II.     JURISDICTION AND VENUE**</center>

15      7.    This Court has subject matter jurisdiction over this action pursuant to

16  28 U.S.C. §1331 and §1343(a)(3) and (a)(4) for violations of the Americans with

17  Disabilities Act of 1990, U.S.C. §12101, *et seq*.

18      8.    Pursuant to supplemental jurisdiction, an attendant and related cause

19  of action, arising out of the same nucleus of operative facts and arising out of the

20  same transactions, is also brought under California's Unruh Civil Rights Act,

21  which expressly incorporates the Americans with Disabilities Act.

22      9.    Venue is proper in this court pursuant to 28 U.S.C. U.S.C. §1391(b)

23  and is founded on the fact that the real property which is the subject of this action

24  is located in this district and that Plaintiff's causes of action arose in this district.

25  <center>**III.   FACTS**</center>

26      10.    Mrs. Woodley uses a white cane for mobility.

27      11.    Defendants' business is open to the public, a place of public

28  accommodation, and a business establishment.

1    12.    Mrs. Woodley went to WENDY'S with her family on December 21,

2    2025, and purchased lunch. The receipt they received for their purchase is shown

3    in the photo below.

4

5    ## Gotta Be Wendy's

6

7    **Location**

8     **Wendy's Restaurant #: 9837**

9    18507 DEVONSHIRE STREET

10   Northridge, California, 91324

11   818-366-4561

12   **Payment Method**

13    **Michael Woodley**

14   Pickup Method: Carry out

15   Date: 12/21/25 02:21 PM

16   Order Number: 1436222484

     Payment: DIGITAL_WALLET

17

18   13.    Unfortunately, during Mrs. Woodley's visit, Defendants did not offer

19   persons with disabilities equivalent facilities, privileges, advantages, and

20   accommodations offered to other persons.

21   14.    Mrs. Woodley encountered barriers that interfered with and denied

22   Plaintiff the ability to use and enjoy the goods, services, privileges, advantages,

23   and accommodations offered by Defendants at the Subject Property.

24   15.    These barriers violate one or more standards of the Americans with

25   Disabilities Act ("2010 ADA") and/or the California Building Codes ("2025

26   CBC").

27   16.    Parking for patrons visiting the Subject Property is among the

28   facilities, privileges, advantages, and accommodations offered by Defendants.

17.     According to the U.S. Department of Justice, "a public accommodation's first priority should be to enable individuals with disabilities to physically enter its facility. This priority on 'getting through the door' recognizes that providing physical access to a facility from public sidewalks, public transportation, or parking is generally preferable to any alternative arrangements in terms of both business efficiency and the dignity of individuals with disabilities." ADA Title III Technical Assistance Manual §III-4.4500.

18.     When parking is provided, there must be at least one accessible parking space designated and marked for disabled persons. Where more than one parking facility is provided on a site, the number of accessible spaces provided on the site shall be calculated according to the number of spaces required for each parking facility. 2010 ADA §502 et seq.; 2010 ADA §208.2; 2025 CBC 11B-502 et seq; 2025 CBC 11B-208.2.

19.     However, there is no accessible parking for disabled persons at the Subject Property because there are insufficient accessible parking spaces designated for disabled persons and/or the existing ostensibly designated space or spaces are significantly noncompliant with the applicable ADA and CBC standards.

20.     There are no disabled parking stalls adjacent to Wendy's. Defendants have located two disabled parking stalls on the Northen end of the parking lot. This is not the shortest accessible route to Wendy's. Accessible parking spaces must be located on the shortest accessible route to the accessible entrance. 2010 ADA §206.1; 2010 ADA §206.2.2; 2010 ADA §206.3; 2025 CBC 11B- 206.1; 2010 ADA §208.3.1; 2025 CBC 11B- 206.2.2; 2025 CBC 11B- 206.3; 2025 CBC 11B- 208.3.1.

21.     Instead of providing accessible parking nearest the entrance of the restaurant, Defendants have chosen to allocate three mobile ordering parking stalls directly adjacent to the entrance of Wendy's. This made Mrs. Woodley feel

1    unimportant, unvalued, and unwelcome at the restaurant. Evidence indicates

2    Defendants used to have a disabled stall located in this location. It is the perfect

3    location for disabled stalls. It is close to the entrance, protected from traffic, and

4    has easy access to the sidewalk which leads directly to Wendy's front door.

5         22.    Wendy's removed this parking for disabled customers and relocated

6    the accessible parking stalls further away from the restaurant. Not only have

7    Defendants inconvenienced their disabled customers, but they have placed them at

8    risk of being injured by Wendy's drive through traffic. Defendants removal of a

9    safe parking stall for their disabled customers shows a willful discrimination

10   against persons with disabilities.

11        23.    There is no accessible route from the parking area to the entrance of

12   Wendy's. Defendants have placed the parking for disabled customers at the far end

13   of the parking lot of Wendy's. The existing path of travel from these parking stalls

14   forces customers to travel through the drive-through traffic. This places persons

15   with disabilities such as Mrs. Woodley at risk of being hit by vehicles in the drive

16   through. This route is also easily blocked by cars lined up in the drive through area

17   and narrows the accessible route, making it difficult or impossible to travel to and

18   from the entrance of Wendy's safely. 2010 ADA §206; 2010 ADA §302; 2010

19   ADA §303; 2010 ADA §403; 2010 ADA §403.5.1; 2010 ADA §404.2.5; 2025

20   CBC 11B-206; 2025 CBC 11B-404.2.5; 2025 CBC 11B-302; 2025 CBC 11B-303;

21   2025 CBC 11B-403; 2025 CBC 11B-403.5.1; 28 C.F.R. §36.211(a); 2025 CBC

22   11B-108.

23        24.    Defendants have failed to maintain accessible features. 28 C.F.R.

24   §36.211(a); 2025 CBC 11B-108.

25   //

26   //

27   //

28   //

1

25.    The photos below show one or more of these violations.

2



3

4

5

6

7

8

9

10

11

12

13

14

15



16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13



14

15

16

17

18

19

20

21

22

23

24

25

26



27

28

1
2
3
4
5
6
7
8
9
10
11
12
13



14    26.    The barriers existed during Mrs. Woodley's visit to the Wendy's. Mrs.
15 Woodley personally encountered these barriers.

16    27.    These inaccessible conditions and barriers denied Mrs. Woodley full
17 and equal access and caused her difficulty, discomfort, and embarrassment.
18 Because of the lack of compliant parking and an accessible route, Mrs. Woodley
19 was forced to park in a standard stall to protect herself from walking through the
20 drive-through traffic both on the way to Wendy's and on the way back to her
21 vehicle. Unfortunately, Defendants have also failed to maintain the asphalt near the
22 front of the store, so parking in this area also placed Mrs. Woodley at risk of
23 tripping or falling due to the large potholes Defendants have failed to repair in their
24 parking lot near the entrance. Because Mrs. Woodley knows there are safe and
25 prioritized parking stalls for mobile orders versus disabled customers, Mrs.
26 Woodley felt unwelcome by Wendy's.

27    28.    These barriers denied Mrs. Woodley full and equal access due to her
28 disability because, *inter alia*, they caused Mrs. Woodley anxiety, difficulty,

1    discomfort, and embarrassment, which patrons who do not use white cane for

2    mobility do not suffer when they access the Subject Property.

3        29.    Mrs. Woodley intends to return to the Subject Property in the near

4    future. Plaintiff is currently deterred from returning because of the knowledge of

5    the barriers to equal access that relate to Plaintiff's disabilities which continue to

6    exist at Defendants' public accommodation facilities.

7        30.    Mrs. Woodley has Article III standing because she visited to purchase

8    a meal for her family. The Subject Property is conveniently located and in the

9    general area where she lives, shops, goes to medical appointments, visits family

10   and friends, recreates, and does other normal activities in her daily life. Therefore,

11   Plaintiff intends to return to the Subject Property in the near future to enjoy another

12   meal, after the accessibility barriers alleged herein have been removed.

13       31.    Mrs. Woodley alleges that Defendants knew that the barriers

14   prevented equal access. Mrs. Woodley further alleges that Defendants had actual or

15   constructive knowledge that the architectural barriers prevented equal access, and

16   that the noncompliance with the Americans with Disabilities Act and Title 24 of

17   the California Building Code regarding accessible features was intentional.

18       32.    Defendants have obstructed or failed to maintain, in working and

19   useable conditions, those features necessary to provide ready access to persons

20   with disabilities. "A public accommodation shall maintain in operable working

21   condition those features of facilities and equipment that are required to be readily

22   accessible to and usable by persons with disabilities." 28 C.F.R. §36.211(a); 2025

23   CBC 11B-108.

24       33.    The State of California Department of General Servicers, Division of

25   the State Architect (DSA) provides commentary to 2025 CBC 11B-108 as follows:

26           Features for accessibility must be permanently functional, unobstructed
             and may not be removed.  It is not sufficient to provide features such as
27           accessible routes, parking, elevators, ramps or signage if those features

28

1   are not maintained in a manner that enables individuals with disabilities
2   to use them.

3   DSA, 2019 California Access Compliance Advisory Reference Manual, p.84.

4       34.    Defendants have the financial resources to remove these barriers
5   without much expense or difficulty in order to make their property more accessible
6   to their mobility impaired customers. The United States Department of Justice has
7   identified that these types of barriers are readily achievable to remove.

8       35.    To date, Defendants refuse to remove these barriers, in violation of
9   the law, willfully depriving disabled persons including Plaintiff of important civil
10  rights.

11      36.    On information and belief, Mrs. Woodley alleges that the Defendants'
12  failure to remove these barriers was intentional because the barriers are logical and
13  obvious. During all relevant times Defendants had authority, control, and dominion
14  over these conditions and therefore the absence of accessible facilities was not a
15  mishap, but rather an intentional act.

16      37.    The barriers to access are listed above without prejudice to Plaintiff
17  citing additional barriers to equal access by an amended complaint after inspection
18  by Plaintiff's Certified Access Specialist (CASp). *Oliver v. Ralphs Grocery Co.*,
19  654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir.
20  2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011).
21  All of these barriers to access render the premises inaccessible to physically
22  disabled persons who are mobility impaired, such as Mrs. Woodley, are barriers
23  she may encounter when he returns to the premises. All public accommodations
24  must be brought into compliance with all applicable federal and state accessibility
25  requirements.
26  / /
27  / /
28  / /

**FIRST CAUSE OF ACTION**

Violation of the Americans With Disabilities Act of 1990

(42 U.S.C. §12101, *et seq*.)

(Against All Defendants)

38.     Mrs. Woodley alleges and incorporates by reference, as if fully set forth again herein, each and every allegation contained in all prior paragraphs of this complaint.

39.     More than thirty years ago, the 101st United States Congress found that although "physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination…in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services." 42 U.S.C. §12101(a).

40.     In 1990 Congress also found that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals," but that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. §12101(a).

41.     In passing the Americans with Disabilities Act of 1990, which was signed into law by President George H. W. Bush on July 26, 1990 (hereinafter the "ADA"), Congress stated as its purpose:

"It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day to-day by people with disabilities."

42 USC §12101(b).

42.    As part of the ADA, Congress passed "Title III – Public Accommodations and Services Operated by Private Entities" (42 U.S.C. §12181 *et seq*.). Title III of the ADA prohibits discrimination against any person "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182(a).

43.    The specific prohibitions against discrimination include, *inter alia*, the following:

- 42 U.S.C. §12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

- 42 U.S.C. §12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

1

2    • 42 U.S.C. §12182(b)(2)(A)(iii): "a failure to take such steps as may be

3    necessary to ensure that no individual with a disability is excluded,
       denied service, segregated, or otherwise treated differently than other

4    individuals because of the absence of auxiliary aids and services...;"

5    • 42 U.S.C. §12182(b)(2)(A)(iv): "a failure to remove architectural

6    barriers, and communication barriers that are structural in nature, in
       existing facilities... where such removal is readily achievable;"

7

8    • 42 U.S.C. §12182(b)(2)(A)(v): "where an entity can demonstrate that
       the removal of a barrier under clause (iv) is not readily achievable, a

9    failure to make such goods, services, facilities, privileges, advantages,

10    or accommodations available through alternative methods if such
        methods are readily achievable."

11

12        44.    Mrs. Woodley is a qualified individual with a disability as defined in

13   the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

14        45.    The acts and omissions of Defendants set forth herein were in

15   violation of Mrs. Woodley's rights under the ADA and the regulations

16   promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

17        46.    The removal of each of the physical and policy barriers complained of

18   by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily

19   achievable" under the standards of §12181 and §12182 of the ADA.  Removal of

20   each and every one of the architectural and/or policy barriers complained of herein

21   was already required under California law. Further, on information and belief,

22   alterations, structural repairs or additions since January 26, 1993, have also

23   independently triggered requirements for removal of barriers to access for disabled

24   persons per §12183 of the ADA. In the event that removal of any barrier is found

25   to be "not readily achievable," Defendants still violated the ADA, per

26   §12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages

27   and accommodations through alternative methods that were "readily achievable."

28

47.     On information and belief, as of the date of Mrs. Woodley's encounter at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Mrs. Woodley and to other mobility disabled persons in other respects, which violate Mrs. Woodley's right to full and equal access and which discriminate against Mrs. Woodley on the basis of her disabilities, thus wrongfully denying to Mrs. Woodley the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. §12182 and §12183 of the ADA.

48.     Defendants' actions continue to deny Mrs. Woodley's rights to full and equal access and discriminated and continue to discriminate against her on the basis of her disabilities, thus wrongfully denying to Mrs. Woodley the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of the ADA, 42 U.S.C. §12182.

49.     Further, each and every violation of the Americans With Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code §51(f), §52, §54(c) and §54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §54.3 and §55.

<div align="center">

**SECOND CAUSE OF ACTION**

Violation of the Unruh Civil Rights Act

(California Civil Code §51, *et seq*.)

(Against All Defendants)

</div>

50.     Mrs. Woodley alleges and incorporates by reference, as if fully set forth again herein, each and every allegation contained in all prior paragraphs of this complaint.

51.     California Civil Code §51 provides that physically disabled persons

are free and equal citizens of the state, regardless of their medical condition or

disability:

> All persons within the jurisdiction of this state are free and equal, and
> no matter what their sex, race, color, religion, ancestry, national origin,
> **disability, or medical condition** are entitled to full and equal
> accommodations, advantages, facilities, privileges, or services in all
> business establishments of every kind whatsoever.

California Civil Code §51(b) (emphasis added).

52.     California Civil Code §51.5 also states, in part: "No business,

establishment of any kind whatsoever shall discriminate against…any person in

this state on account" of their disability.

53.     California Civil Code §51(f) specifically incorporates (by reference)

an individual's rights under the ADA into the Unruh Act.

54.     California Civil Code §52 provides that the discrimination by

Defendants against Plaintiff on the basis of her disability constitutes a violation of

the general antidiscrimination provisions of §51 and §52.

55.     Each of Defendants' discriminatory acts or omissions constitutes a

separate and distinct violation of California Civil Code §52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination
> or distinction contrary to section 51, 51.5, or 51.6 is liable for each and
> every offense for the actual damages, and any amount that may be
> determined by a jury, or a court sitting without a jury, up to a maximum
> of three times the amount of actual damage but in no case less than four
> thousand dollars ($4,000), and any attorney's fees that may be
> determined by the court in addition thereto, suffered by any person
> denied the rights provided in Section 51, 51.5, or 51.6.

56.     Any violation of the Americans with Disabilities Act of 1990

constitutes a violation of California Civil Code §51(f), thus independently

justifying an award of damages and injunctive relief pursuant to California law,

including Civil Code §52.  Per Civil Code §51(f), "A violation of the right of any

1  individual under the Americans with Disabilities Act of 1990 (Public Law 101-

2  336) shall also constitute a violation of this section."

3    57.    The actions and omissions of Defendants as herein alleged constitute a

4  denial of access to and use of the described public facilities by physically disabled

5  persons within the meaning of California Civil Code §51 and §52.

6    58.    The discriminatory denial of equal access to and use of the described

7  public facilities caused Plaintiff difficulty, discomfort, and embarrassment.

8    59.    As a proximate result of Defendants' action and omissions,

9  Defendants have discriminated against Plaintiff in violation of Civil Code §51 and

10  §52, and are responsible for statutory, compensatory and actual damages to

11  Plaintiff, according to proof.

12                        **PRAYER FOR RELIEF**

13    Mrs. Woodley has no adequate remedy at law to redress the wrongs

14  suffered as set forth in this Complaint. Mrs. Woodley has suffered and will

15  continue to suffer irreparable injury as a result of the unlawful acts, omissions,

16  policies, and practices of the Defendants as alleged herein, unless Mrs. Woodley is

17  granted the relief he requests. Mrs. Woodley and Defendants have an actual

18  controversy and opposing legal positions as to Defendants' violations of the laws

19  of the United States and the State of California.

20    The need for relief is critical because the civil rights at issue are paramount

21  under the laws of the United States of America and the State of California.

22    WHEREFORE, Mrs. Woodley prays judgment against Defendants, and

23  each of them, as follows:

24    1.    Issue a preliminary and permanent injunction directing

25    Defendants as current owners, operators, lessors, and/or lessees of the

26    Subject Property and premises to modify the above described property,

27    premises, policies and related facilities to provide full and equal access

28    to all persons, including persons with physical disabilities; and issue a

COMPLAINT - 17

1   preliminary and permanent injunction pursuant to ADA §12188(a) and

2   state law directing Defendants to provide facilities and services usable

3   by Plaintiff and similarly situated persons with disabilities, and which

4   provide full and equal access, as required by law, and to maintain such

5   accessible facilities once they are provided; to cease any discriminatory

6   policies; and to train Defendants' employees and agents how to

7   recognize disabled persons and accommodate their rights and needs;

8         2.      Retain jurisdiction over the Defendants until such time as

9   the Court is satisfied that Defendants' unlawful policies, practices, acts

10  and omissions, and maintenance of physically inaccessible public

11  facilities and policies as complained of herein no longer occur, and

12  cannot recur;

13        3.      Award to Plaintiff all appropriate damages, including but

14  not limited to actual and statutory damages according to proof;

15        4.      Award to Plaintiff all reasonable attorney fees, litigation

16  expenses, and costs of this proceeding pursuant to 42 U.S.C §12205 and

17  California Civil Code §52; and

18        5.      Grant such other and further relief as this Court may deem

19  just and proper.

20

21  DATED: January 15, 2026                    **VALENTI LAW APC**

22

23                                    By:   */s/ Matthew D. Valenti*

24                                          Matthew D. Valenti
                                            Attorney for Plaintiff
25                                          Iman Woodley

26

27

28

1

2

**JURY DEMAND**

3

4          Mrs. Woodley hereby demands a trial by jury for all claims and issues for

5     which a jury is permitted.

6

7

8     DATED: January 15, 2026                    **VALENTI LAW APC**

9

10                                          By:    */s/ Matthew D. Valenti*

11                                                 Matthew D. Valenti
                                                   Attorney for Plaintiff
12                                                 Iman Woodley

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28